SICKINGER v. SCHAFFER et al.

(Fourth Division. Fairbanks. August 2, 1911.)

No. 561.

ATTACHMENT (§ 202*)—SALE OF PROPERTY—PROCEEDS—COSTS AND EXPENSES.

Plaintiff brought suit at Fairbanks, in the Third division, and caused a writ of attachment to issue against the property of the defendant, which was sent to the United States marshal, respondent, at Nome, in the Second division, with instructions to levy upon the property of defendant there. The costs and disbursements incident to caring for the property at Nome were unusually great, and the marshal, respondent, telegraphed that fact to the attorney for the plaintiff, who wrote him a letter inclosing execution, and instructing him to "sell attached property pursuant to statute, retain your costs and expenses, and send whatever balance to me." The costs and expenses exceeded the sum obtained upon the sale of the property, whereupon the marshal credited the plaintiff with the amount obtained, and demanded the balance, which plaintiff refused to pay. Respondent brought suit at Nome to recover the balance due him, while plaintiff filed a motion in the original case at Fairbanks, praying the court there to compel the respondent to deposit the money received by him upon the sale of the attached property at Nome into the registry of the court at Fairbanks and to file an itemized statement of costs, expenses, and disbursements incurred by him in court for taxation. *Held*, the express authority to the respondent to pay himself out of the proceeds of the sale dispenses with the necessity of respondent's paying the money into court prior to the adjudication of the reasonableness, necessity, and fairness of his charges. The plaintiff's motion is denied, and further hearing on the order to show cause continued for one year to give the parties time to try the suit at Nome.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 655–657; Dec. Dig. § 202.*]

This matter arises on the return of the United States marshal to an order to show cause sued out by plaintiff. The or-

der was made the 12th day of September, 1910. That return the plaintiff now attacks as insufficient, and demands a further and more complete compliance on the part of the marshal.

The facts, as disclosed by the record, are: That the plaintiff, by his attorney, Bion A. Dodge, filed a complaint in this court, the then Third division, at Fairbanks, in August, 1906, seeking a money judgment against the defendant. That thereafter, on the 5th day of September, 1906, a writ of attachment sued out by plaintiff was placed in the hands of T. C. Powell, the United States marshal in the Second judicial division, territory of Alaska. That under this writ the marshal attached certain personal property at Nome, which he retained in his custody and care from September 7, 1906, until after the recovery of judgment for $806.63, interest and costs, when the same was finally sold upon execution on the 11th day of February, 1907, for $510. The property produced, during the time the same was in the custody of the marshal, $176.20. That the plaintiff advanced the marshal $100, making a total of $786.20 received by the marshal.

It appears from the marshal's return to the writ of execution made February 18, 1907, that his fees and commissions under the writ, together with his expenses in caring for the property attached and sold under the execution, amounted to $1,197.45.

After the making of the marshal's return upon the writ, the plaintiff moved to set aside the return, and that the respondent show cause why he should not pay all money received from the sale into the registry of the court, and why he should not be required to itemize his expenses and costs. This motion and plaintiff's objections to the marshal's return were filed in March, 1908, at which time plaintiff's present attorneys, by Morton E. Stevens, appeared herein. That in April, 1908, Jeremiah Cousby, an attorney of the bar in the Third division, since deceased, entered an appearance for the respondent, the United States marshal of the Second division, upon the motion for order to show cause. Nothing further appears of record to have been done in this matter until September 12, 1910, at which time an order upon the motion to show cause was made in this court, to which order the marshal afterwards made re-

turn on March 30, 1911, setting forth the attachment of said property at the special instance and request of the plaintiff, by his attorney, Bion A. Dodge, and its sale by him for an amount and at an expense as above indicated. That on October 26, 1906, more than a month after the levy of the attachment, the respondent telegraphed plaintiff's then attorney as follows:

"What are you going to do about this chicken ranch (this being the property attached)? It is eating its head off.

"T. C. Powell, Marshal."

To which plaintiff's attorney replied:

"On receipt return service will take judgment and send execution."

That plaintiff's attorney thereafter, on December 15, 1907, wrote the respondent as follows:

"I herewith inclose execution in case Martin Sickinger versus Schaffer under which sell attached property pursuant to statute, *retain your costs and expenses* and send whatever balance to me.

"Yours very truly, Bion A. Dodge."

That respondent was obliged to defend a suit by a third party for the attached property, whereby he was put to the further expense of $38.80 for witness fees and mileage and $300 for an attorney's fee. That the plaintiff and his bondsmen for the attachment refused to pay respondent the $750.-05 balance due him after deducting the amount realized upon the execution sale, and that on the 8th day of June, 1910, the respondent commenced a civil action in the District Court for the District of Alaska, Second Division, to recover such balance. That defendants have answered in said action, to which answer the respondent has replied that the issues in said action raise every question attempted to be raised by the order to show cause issued out of this court on the 12th day of September, 1910.

Bion A. Dodge and Morton E. Stevens, both of Fairbanks, for plaintiff.

J. J. Crossley, Dist. Atty., of Fairbanks, for respondent Powell.

CUSHMAN, District Judge. The plaintiff's contention now is that this court should compel the respondent to pay the money realized from the sale of the attached property, $510, into this court for disposition under its order, and that the respondent further particularize and itemize the cost and expense of caring for the attached property prior to execution sale; it being a part of plaintiff's contention that the charges for such expense were excessive and unnecessary, and not sufficiently itemized to enable the plaintiff to ascertain whether they were actually incurred or not.

"As a general rule the allowance to a sheriff for his fees and expenses is made by the court, and such allowance is a prerequisite to a recovery, and, until it is made, the sheriff has no right to retain anything for such fees and expenses out of moneys collected by him. The allowance is properly made in the suit wherein the property was seized, in which case the same objections are open to the party sought to be charged as though a separate suit had been brought." 35 Cyc. p. 1603, § 5, and citations.

"A sheriff may maintain an action to recover fees which he has earned from the person liable therefor; but such an action is premature when brought before the costs have been taxed or the allowance made in the manner prescribed by statute." Id. p. 1605, § 6, and citations.

In the case at bar Bion A. Dodge, who was the plaintiff's attorney who instituted this case, did, as shown above, on December 15, 1906, long prior to the appearance in March, 1908, of the attorneys now pressing this motion, write the respondent to "sell attached property pursuant to statute, retain your costs and expenses and send whatever balance to me." This express authority to the respondent to pay himself out of the proceeds of the sale dispenses with the necessity of respondent's paying the money into court prior to the adjudication of the reasonableness, necessity, and fairness of his charges.

Taking into consideration the fact that the application for the order to show cause was not pressed from March, 1908, until September, 1910, before which latter date the respondent had himself brought suit involving all substantial claims raised by the motion for an order to show cause, that the expenses of the attachment were incurred at Nome, Alaska, that such ex-

penses are attacked by the plaintiff as being exorbitant and unnecessary and not subject to verification, it being apparent that those are questions that would be much more satisfactorily determined at Nome than Fairbanks, the plaintiff's motion is denied, and the further hearing on the order to show cause will be continued for one year, to give the parties an opportunity to have the cause now at issue in the Second division tried; jurisdiction being alone retained in this court to settle the differences between the parties in case that suit is dismissed or otherwise disposed of prior to the decision on the merits.